## DAVENPORT ET AL. *vs.* PRESLEY ET AL.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR UNPAID PURCHASE-MONEY OF LAND.]

*Vendor's lien; when enforced, and against whom.*—Where W. sold lands to M. & Y., giving bond for titles; and Y. having become insolvent, and having left the State, without having paid the purchase-money, M afterwards assigned the title-bond to P., in consideration of his paying the balance of the purchase-money, and the satisfaction of a judgment recovered against M. by him; and afterwards M., as the agent of P., sold the lands to B., who paid the balance of the purchase-money due, and gave his notes to P. for the additional price; and W. then conveyed the legal title to P., from whom B. accepted a bond for titles when his notes should be paid,—*Held*, that the lands were subject to the payment of the notes.

APPEAL from the Chancery Court of Tallapoosa. Heard before the Hon. B. B. McCRAW.

THE bill in this case was filed on the 30th August, 1867, by Evan Presley and Champion Marable, against Gideon Black and Louan Black, his wife; and sought, principally, to subject a certain tract of land to the payment of the notes given for the purchase. Gideon Black became a bankrupt while the suit was pending, and Luke Davenport was made a defendant as his assignee. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error.

WM. H. BARNES, for appellant.
GEO. W. GUNN, contra.

B. F. SAFFOLD, J.—The bill was filed by the appellees, to enforce the vendor's lien upon certain lands for the payment of three promissory notes, the principal of which amounted to $2,800. It further charged that the defendant, Gideon Black, had fraudulently obtained a deed for the lands from Presley, in whom was the legal title, and had conveyed a portion of them to his wife, in consideration of his pretended indebtedness to her on account of her separate estate.

The defendants, Black and his wife, deny any contract whatever with Presley about the lands. They say that G. Black bought them from Wagner, and paid for them with money derived from his mother's estate; that the conveyance from Wagner to Presley was made at the suggestion of the complainant, Marable, to shield the property from the assaults of Black's creditors; and that the notes given to Presley were a simulated indebtedness, without consideration, and intended to defraud the said creditors. They allege that the deed from G. Black to his wife, Louan, was made in consideration of property of hers received by him on their marriage, in 1852, and that the conveyance from Presley to Black was made as a matter of course, the said Presley having no interest in the property transferred,

From the testimony, there can be no doubt of the following facts : Wagner sold the lands to Marable and Yancey, for about $2,500, in 1856 or '57, giving them a bond for titles. In 1859, Black paid Wagner the balance due on this debt, about $2,150, in consideration of his further claim upon the property ; and Wagner, in consideration of this payment, and the surrender of his bonds which had been indorsed to Presley, conveyed the legal title to Presley. About this time, Black executed his three promissory notes in favor of Presley, expressing in them that they were given for the lands which were to be bound for the purchase-money.

Marable and Presley explain these transactions thus : On account of Yancey's default and insolvency, Marable became embarrassed by his purchase from Wagner. He sold the property to Presley, in satisfaction of a debt of about $2,000 due from him to the latter, and the balance ($2,150) due to Wagner, assigning to him the bond for titles received from Wagner. Presley, not desiring the property, employed Marable to manage it, and authorized him to sell it on such terms as he chose, saving him harmless. Marable contracted with Black for its purchase, at $5,000, in pursuance of which agreement Black paid to Wagner the amount due to him, and gave his notes to Presley for the balance, taking Presley's bond for titles when it should be paid. The conveyance of Wagner was made to Presley for his protection. Marable was in possession of the lands at the time of the sale to Black.

In opposition to this statement, Gideon and his brother, B. F. Black, testify what has been stated above as the answer of the defendants, and say further, that B. F. Black was the custodian of the notes made payable to Presley, and he gave them to Marable to keep, because he was residing with the latter, and had no safe place to deposit them ; and that Marable, when called on to return them, said he had destroyed them because they were useless. Several witnesses testify to Gideon Black's acknowledgment of indebtedness to Presley on account of this prop-

erty, but he says such declarations were made in support of his design to deceive his creditors.

It is singular that no evidence was taken on the part of the defense to prove the value of the lands and the improvements on them at the time of the sale to Black. The difference between what he says he was to obtain them for, and what it is alleged he agreed to pay, is so great, that his cause would be materially aided by proof of a value corresponding with his payment. He assigns no reason why Marable was willing to surrender his interest, and does not even allege that he was, although he received the possession from him. The account of these matters, as given by the Blacks, is incredible, and is overborne by the testimony of the other witnesses. The objection of Marable to a direct conveyance of the legal title from Wagner to Black, because it would subject the property to attacks from his creditors, was substantial, and not inconsistent with his other statements. Wagner could only substitute Black in his place, and Marable and Presley had the right to complete Marable & Yancey's purchase.

The decree is affirmed.